## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

OSCAR ARVIZO,

        Petitioner,

    v.                                           Civ. No. 23-164 JB/JFR

THE STATE OF NEW MEXICO AND
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28

U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849

(10th Cir. 1990). Doc. 2. On February 24, 2023, Petitioner Oscar Arvizo filed a 28 U.S.C.

§ 2254 Habeas Corpus Petition by and through counsel Lowther Walker, LLC. Doc. 1. The

Court reviewed the counseled Petition and determined the claims would be resolved on a full

record. On March 30, 2023, the Court entered an Order to Answer, directing Petitioner to serve

copies of the Order and Petition to the Attorney General for the State of New Mexico and file a

certificate of service of record. Doc. 3. No action was taken. On September 28, 2023, the Court

entered an Order to Show Cause, permitting Petitioner until October 12, 2023, to show cause

why the Court should not dismiss this action for failure to serve Respondents. Doc. 4. The

Order further warned that failure to timely show cause may result in dismissal of this action

without prejudice. *Id.* No response was filed.

---

[1] By an Order of Reference filed March 7, 2023 (Doc. 2), the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case.

For the reasons that follow, the undersigned recommends that the presiding judge **DISMISS** this action **WITHOUT PREJUDICE** for Petitioner's failure to prosecute.

### ANALYSIS

A district court may dismiss an action if the plaintiff fails to prosecute the action or comply with the Federal Rules of Civil Procedure or a court order.  Fed. R. Civ. P. 41(b).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Indeed, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007).

Such dismissal may be made with or without prejudice.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007).  Dismissal without prejudice is far less harsh than dismissal with prejudice because the litigant retains the ability to seek vindication of the claims he is pursuing.  *Id.* at 1162.  When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.*  Instead, the Court's reasoning must rest on the procedural history of the case. *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979).  Dismissal with prejudice, on the other hand, "is a significantly harsher remedy—the death penalty of pleading punishments." *Nasious*, 492 F.3d at 1162.  So, the Tenth Circuit instructs the Court to consider: (1) the degree of actual prejudice to the respondent; (2) the amount of interference with the judicial process; (3)

the culpability of the petitioner; (4) whether the petitioner was warned by the Court that noncompliance would likely result in dismissal; and (5) the efficacy of lesser sanctions. *Id.*

As discussed above, Petitioner filed his habeas petition through counsel eight months ago and has taken no action since that time. Likewise, the Court's orders to serve Respondents and show cause for failure to do so have gone ignored. This conduct is sufficient to warrant dismissal without prejudice as a sanction. While the Court need not consider the factors discussed by the Tenth Circuit in *Nasious* because those apply when the Court is considering dismissal *with* prejudice, 492 F.3d at 1162, it nevertheless analyzes them here because some judges have found them helpful when considering dismissal *without* prejudice. *See, e.g.*, *Garcia-Ibarra v. Stephenson*, No. 23-CV-108, 2023 WL 6377480, at *3; *Williams v. UnitedHealth Group*, No. 18-CV-2096, 2020 WL 1329455, at *3 (D. Kan. Mar. 23, 2020). The Court keeps in mind that these factors need not be employed with rigidity. *Erenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

The Court does not consider the first factor because Respondent was never served by Petitioner and has not entered this case. The second factor is rooted in "respect for the judicial process and the law." *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). Petitioner's shortcomings in this case evince a lack of respect for the Court and impedes the Court's ability to efficiently adjudicate the cases before it. The Tenth Circuit has explained: "This factor impacts the court's ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009). This principle is undoubtedly satisfied here, as Petitioner has not taken any action on his case in eight months and failed to respond to two orders from this Court.

3

The third factor is a simple consideration here because there is only one party entered in this matter: Petitioner. So, culpability is attributable to him alone, or his counsel, as the case may be. Counsel is undoubtedly aware that dismissal is the remedy for failure to prosecute. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007). The fourth factor is also easily satisfied here. The Court's Order to Show Cause explicitly stated that failure to comply "may result in dismissal of this case without prejudice." Doc. 164. Finally, as to the efficacy of lesser sanctions, the Court is convinced that nothing short of dismissal is appropriate. Given the lack of prosecution in this case, including the dearth of communication from Petitioner and his counsel, it appears he is no longer interested in pursuing this case.

In light of the procedural history of this case and having weighed the factors identified above against the circumstances present here, the Court concludes that dismissal without prejudice under Rule 41(b) for failure to prosecute is appropriate at this juncture. Because such dismissal is without prejudice, Petitioner may seek to litigate his claims at such time when he can actively prosecute them, should he choose to do so.

To the extent necessary, the Court also recommends against issuing a Certificate of Appealability ("COA"), because the failure to prosecute this case is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (establishing that the district court may only issue a COA in habeas cases where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *DeAtley v. Williams*, 782 F. App'x 736, 737-38 (10th Cir. 2019) (declining to issue a COA after the district court dismissed a habeas petition and denied a COA under Rule 41).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

**JOHN F. ROBBENHAAR**
United States Magistrate Judge