## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OSCAR ARVIZO,

     Petitioner,

vs.

                                  No. CIV 23-0164 JB/JFR

THE STATE OF NEW MEXICO AND
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

     Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 16, 2023 (Doc. 5)("PFRD"); and (ii) Petitioner's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 31, 2023 (Doc. 6)("Objections"). In the PFRD, the Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court of the District of New Mexico, recommends dismissing Petitioner Oscar Arvizo's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, filed February 24, 2023 (Doc. 1)("Petition"), without prejudice for failure to prosecute and denying a certificate of appealability ("COA"). The PFRD requires the parties to file any objections no later than October 30, 2023. See PFRD at 5.

On October 31, 2023, Petitioner Oscar Arvizo, through counsel, filed objections to the PFRD. See Objections at 1. Therein, counsel represents that she has not received any email notifications of Court filings and therefore was unaware of the Court's orders to serve copies of the Petition on Respondents, see Order to Answer, filed March 30, 2023 (Doc. 3)("Order to Answer"), and to show cause why the Court should not dismiss the case for failure to timely serve

Respondents, see Order to Show Cause, filed September 28, 2023 (Doc. 4)("Show Cause Order"). Having reviewed the record and the PFRD, the Court overrules Arvizo's Objections, adopts the PFRD, dismisses the Petition without prejudice, and declines to issue a Certificate of Appealability ("COA").

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND
RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(c).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v.

One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986), superseded by statute on other grounds as stated in De Vargas v. Mason & Hanger-Silas Mason Co., 911 F.2d 1377(10th Cir. 1990); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived

[an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F.

App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expands the

waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.

The Supreme Court of the United States -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of this waiver rule -- notes:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a de novo or any other standard,
> when neither party objects to those findings.  The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of review
> the district court should perform when no party objects to the magistrate's report.
> See S.Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R.Rep. No.
> 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter
> House Report). There is nothing in those Reports, however, that demonstrates an
> intent to require the district court to give any more consideration to the magistrate's
> report than the court considers appropriate.  Moreover, the Subcommittee that
> drafted and held hearings on the 1976 amendments had before it the guidelines of
> the Administrative Office of the United States Courts concerning the efficient use
> of magistrates.  Those guidelines recommended to the district courts that "[w]here
> a magistrate makes a finding or ruling on a motion or an issue, his determination
> should become that of the district court, unless specific objection is filed within a
> reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S.
> 1283 before the Subcommittee on Improvements in Judicial Machinery of the

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished
opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R.
32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their
persuasive value.").  The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have
> generally determined that citation to unpublished opinions is not favored.
> However, if an unpublished opinion or order and judgment has persuasive value
> with respect to a material issue in a case and would assist the court in its disposition,
> we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Pevehouse
v. Scibana and Brown v. Zarek, 163 F.3d 1172 have persuasive value with respect to a material
issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. <u>See id</u>. at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order"). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(c), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of magistrate's report. <u>See</u> Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(c), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn</u>, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" <u>One Parcel</u>, 73 F.3d at 1060 (quoting <u>Moore v. United States</u>, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). <u>Cf</u>. <u>Thomas v. Arn</u>, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In <u>One Parcel</u>, the Tenth Circuit also notes that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because such action would advance the interests underlying the waiver rule. <u>See</u> 73 F.3d at 1060-61 (citing cases from other Courts of Appeals

where district court elects to address merits despite waiver rule's potential application, but Courts of Appeals opts to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet 28 U.S.C. § 636(b)(1)'s requirements when it indicates that it gives "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required.

Consequently, a brief order expressly stating the court conducted de novo review is sufficient."

Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-

84).   "[E]xpress references to de novo review in its order must be taken to mean it properly

considered the pertinent portions of the record, absent some clear indication otherwise."  Bratcher

v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit holds

that a district court properly conducts a de novo review of a party's evidentiary objections when

the district court's "terse" order contains one sentence for each of the party's "substantive claims"

and does "not mention his procedural challenges to the jurisdiction of the magistrate to hear the

motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit has explained that

brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its

compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement
> and adopt the magistrate judges' recommended dispositions when they find that
> magistrate judges have dealt with the issues fully and accurately and that they could
> add little of value to that analysis.  We cannot interpret the district court's statement
> as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the

exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and

recommendations," United States v. Raddatz, 447 U.S. at 676, a district court "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C.

§ 636(b)(1).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that

the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is

consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz

require).  Where no party objects to the Magistrate Judge's PFRD, the Court reviews, as a

matter of course and in the interests of justice, the Magistrate Judge's recommendations.  In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff does not respond to the Magistrate Judge's PFRD, and thus waives his right to appeal the recommendations, but the Court nevertheless conducts a review.  See 2013 WL 1010401, at *1, *4.   The Court generally does not, however, "review the PFRD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the PFRD where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.).  See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.   The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the PFRD, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when

there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

In the PFRD, Magistrate Judge Robbenhaar explains the following procedural history. See PFRD at 1. On February 24, 2023, Arvizo files a 28 U.S.C. § 2254 Habeas Corpus Petition by and through counsel Lowther Walker, LLC. See Petition at 1-16. Magistrate Judge Robbenhaar reviewed the counseled Petition and determined the claims would be resolved on a full record. On March 30, 2023, Magistrate Judge Robbenhaar entered the Order to Answer, directing Arvizo to serve copies of the Order and Petition to the Attorney General for the State of New Mexico and file a certificate of service of record. See Order to Answer at 1. Arvizo took no action. On September 28, 2023, Magistrate Judge Robbenhaar entered the Show Cause Order, permitting Arvizo until October 12, 2023, to show cause why the Court should not dismiss this action for failure to serve the Respondents. See Show Cause Order at 1. The Order further warns that failure timely to show cause may result in dismissal of this action without prejudice. See Show Cause Order at 1. Arvizo has not filed a response. Magistrate Judge Robbenhaar recommends dismissing the Petition without prejudice for failure to prosecute and denying a COA. See PFRD at 4.

Magistrate Judge Robbenhaar further explains, that although the Court need not follow any specific procedure when dismissing a case without prejudice, the factors that the Tenth Circuit

identifies as necessary to analyze when dismissing a case with prejudice as a sanction nevertheless are helpful in determining whether dismissal without prejudice is appropriate. <u>See</u> PFRD at 2-3. Magistrate Judge Robbenhaar considers: (i) the degree of actual prejudice to the Respondents; (ii) the amount of interference with the judicial process; (iii) Arvizo's culpability; (iv) whether Magistrate Judge Robbenhaar warned Arvizo petitioner that noncompliance likely would result in dismissal; and (v) the efficacy of lesser sanctions. <u>See</u> PFRD at 2-4 (citing <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1162 (10th Cir. 2007)). Magistrate Judge Robbenhaar concludes that the first factor is inapplicable, because Arvizo has not ever served the Respondents; the second factor weighs in favor of dismissal, because Arvizo's case sat idle for eight months because of lack of compliance with the Court's orders to serve and show cause; the third factor weighed in favor of dismissal, because culpability lies with Petitioner alone; and the fourth factor weighs in favor of dismissal, because Magistrate Judge Robbenhaar warned Arvizo that dismissal was a likely consequence of failure to comply with Magistrate Judge Robbenhaar's orders. <u>See</u> PFRD at 3-4. As to the fifth factor, Magistrate Judge Robbenhaar concludes that nothing short of dismissal will remedy the situation at hand, because there is no contact from Arvizo or his counsel to the Court. <u>See</u> PFRD at 4.

The basis for Arvizo's objections to the PFRD is as follows:

> Undersigned counsel did not act on this Court's orders only because no email notifications regarding such orders reached counsel's inbox due to some unknown reasons. Counsel never intended to ignore this Court's requirements. Had counsel received such email notifications, counsel would certainly have complied with this Court's command in a timely manner.

Objections at 2. The Court first notes that Arvizo's Objections are untimely. <u>See</u> PFRD at 5; Objections at 1. The PFRD notifies the parties that objections are due no later than October 30, 2023, <u>see</u> PFRD at 5, and Arvizo filed objections on October 31, 2023, <u>see</u> Objections at 1.

Moreover, objections are sufficiently specific when they "focus the district court's attention on the factual and legal issues that are truly in dispute." One Parcel, 73 F.3d at 1060. Arvizo's Objections do not mention the legal basis for Magistrate Judge Robbenhaar's PFRD at all, nor is there an attempt by Arvizo to argue that Magistrate Judge Robbenhaar misapplies the factors governing dismissal for failure to prosecute.

The Court nevertheless has reviewed carefully the PFRD. The Court does not review the PFRD de novo, because Arvizo's Objections are untimely and lack specificity, but rather reviewed the Magistrate Judge Robbenhaar's PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court adopts the recommendations and discusses is rationale below.

Arvizo's argument is not persuasive. Counsel has an affirmative duty to monitor the docket to remain apprised of the progress of their cases. See Brown v. Zarek, 163 F.3d 1172 (10th Cir. 1998)(unpublished table decision)("It is the litigant's affirmative duty to monitor the court's docket."); Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004)("[C]ounsel's effort at explanation, even if taken at face value, is plainly unacceptable. Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket."). The Court has considered the practical effect of its decision; although this dismissal is without prejudice, Arvizo is likely time-barred in his attempt at federal habeas relief. See 28 U.S.C. § 2244(d)(1)(imposing a one-year limitation on an application for a writ of habeas corpus by a person in custody pursuant to a state court's judgment); Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000)("'[A] § 2254 petition cannot relate back to a previously filed petition that has been dismissed without prejudice because there is nothing for the current petition to relate back to.'")(quoting Nyland v. Moore, 216

F.3d 1264, 1266 (11th Cir. 2000)).  This issue, however, is between Arvizo and his counsel.  At this juncture, it is of no significance that Arvizo bears the burden of his counsel's action or inaction.  See, e.g., Gripe v. City of Enid, Okla., 312 F.3d 1184, 1189 (10th Cir. 2002)("Plaintiff argues against the harshness of penalizing him for his attorney's conduct.  But there is nothing novel here.  Those who act through agents are customarily bound by their agents' mistakes.  It is no different when the agent is an attorney.").  Arvizo's counsel does not explain why this case sat idle for eight months nor why she did not monitor the docket at all during that time.  In the Court's view, reliance on electronic notifications of docket entries, while convenient, does not justify failing to monitor the progress of a case for eight months, particularly where, as here, service upon the Respondents was not effectuated or confirmed and a responsive pleading did not materialize.  Had counsel monitored the docket and taken steps to prosecute Arvizo's case during those eight months, Magistrate Judge Robbenhaar would not have recommended dismissal without prejudice.

**IT IS ORDERED** that: (i) Petitioner's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 31, 2023 (Doc. 6), are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 16, 2023 (Doc. 5), is adopted; (iii) the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, filed February 24, 2023 (Doc. 1), is dismissed without prejudice; and (iv) the Court declines to issue a Certificate of Appealability.

UNITED STATES DISTRICT JUDGE

*Counsel*:

Katrina Lyn Spearman
Lowther Walker LLC
Atlanta, Georgia

    *Attorneys for Petitioner*